IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILIPS ELECTRONICS NORTH )
AMERICA CORPORATION and )
U.S. PHILIPS CORPORATION, )
                                                    )
                    Plaintiffs, )
                                                    )
        v.                                          )        Civil Action No. 02-123-KAJ
                                                    )
CONTEC CORPORATION, COMPO )
MICRO TECH, INC., SEOBY )
ELECTRONICS CO., LTD., REMOTE )
SOLUTION CO., LTD., F/K/A HANGO )
ELECTRONICS CO., LTD., HANGO )
REMOTE SOLUTION, INC., )
                                                    )
                    Defendants. )


**MEMORANDUM ORDER**

I.    **INTRODUCTION**

On March 8, 2005, I granted the motion for attorneys' fees and expenses

(Docket Item ["D.I."] 464) submitted by plaintiffs Philips Electronics North American

Corp., and U.S. Philips Corp. (collectively, "Philips"). (D.I. 493, 494.) In that order, I

required Philips to submit documentation in support of its request for fees. (D.I. 493 at

14.) Presently before me is the documentation that Philips has submitted for both

Sullivan & Cromwell LLP ("S&C"), as well as for local counsel Potter Anderson &

Corroon LLP ("PA&C"). Also before me are the comments of defendant Compo Micro

Tech ("CMT") on the documentation that Philips has submitted. (D.I. 508.) CMT

argues that the documentation submitted by Philips is inadequate to support the

requested fee award and that, consequently, Philips should be granted either no award

of fees or an award of fees based on the lodestar calculation performed by CMT.  (D.I. 508 at 6-11, 12-20.)

The documentation submitted by Philips as to the fees charged by S&C does include the total hours worked by S&C attorneys but does not include any details as to when the hours were worked, by whom, or what the attorneys did during those hours. (See D.I. 496, 511.)  Furthermore, while Philips submits some evidence of hourly rates billed at other New York City law firms (D.I. 511 at 2), it does not suggest what rates S&C actually charges for its attorneys' time.  Philips, through a declaration of counsel, gives only "proxy rates," saying that "S&C generally does not bill clients, and does not bill Philips, on an hourly rate."  (D.I. 496 at 2; D.I. 511 at 2.)

## II.   DISCUSSION

A reasonable fee is one that is adequate to attract competent counsel, but does not produce a windfall to that attorney.  See Blum v. Stenson, 465 U.S. 886, 897 (1984).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate... . The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This calculation results in what is often called the "lodestar."  See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Philips has failed to submit adequate documentation of either the hours expended or a reasonable hourly rate.  "[T]he party seeking attorneys' fees, must prove that his request is reasonable by submitting documentation supporting the hours

2

worked and the rates claimed." *Finch v. Hercules Inc.*, 941 F.Supp. 1395, 1423 (D. Del. 1996) (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). Philips must submit not only the total hours worked, but detail supporting when the hours were worked, and what was done by whom during those hours. Furthermore, Philips must provide support for reasonable hourly rates, including a statement of the manner in which S&C calculates the value of its attorneys' time, with supporting evidence.

Accordingly, IT IS HEREBY ORDERED that Philips submit forthwith proper documentation showing the hours expended and a reasonable rate for those hours, so that an appropriate award of attorney's fees can be determined.

UNITED STATES DISTRICT JUDGE

December 29, 2005
Wilmington, Delaware

3