IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH ) <br> AMERICA CORPORATION and ) <br> U.S. PHILIPS CORPORATION, ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> v.   ) <br>    ) <br> REMOTE SOLUTION CO., LTD., F/K/A ) <br> HANGO ELECTRONICS CO., LTD., ) <br> HANGO REMOTE SOLUTION, INC., ) <br>    ) <br> Defendants. ) | Civil Action No. 02-123-KAJ |

## MEMORANDUM ORDER

**I.    INTRODUCTION**

The parties submitted Joint Proposed Jury Instructions (Docket Item ["D.I."] 560) on January 20, 2006.  Before me is a dispute between the parties over the language of proposed jury instructions 2.3 and 3.4 on contributory infringement.  (D.I. 560 at 14, 21-22.)  Plaintiffs Philips Electronics North America Corp. and U.S. Philips Corp. (collectively, "Philips") argue that defendants Remote Solution Co., Ltd., f/k/a Hango Electronics Co., Ltd. and Hango Remote Solution, Inc. (collectively, "Defendants") can be held liable for contributory infringement if they "knew or had reason to know" that the Universal Remote Control Units ("URCs") that Defendants shipped to a company called Solectron Corporation ("Solectron") would be sold in the United States.  (*Id.* at 21-22.) Defendants, however, argue that Philips must prove that Defendants had actual

knowledge that the URCs sold to Solectron would be sold in the United States.[1] For the reasons that follow, I find that the language proposed by Philips more nearly approaches a correct statement of the law, and thus, the instruction will include the language "knew or should have known."

## II. DISCUSSION

There is no dispute between the parties that knowledge of certain facts is required to establish liability for contributory infringement. Rather, the parties dispute centers on whether Philips must prove that the Defendants actually knew, or only that Defendants had reason to know, that the URCs that Defendants sold to Solectron were going to be resold in the United States. (*Id.*) I can find no case, and Defendants have not cited one, that states that actual knowledge of infringement, as opposed to constructive knowledge, is required for liability for contributory infringement.

The authority cited by Defendants, while stating that knowledge of infringement is required, does not support Defendants' contention that actual knowledge, rather than constructive knowledge, is required. For example, Defendants rely upon *Aro Mfg. Co. v. Convertible Tire Replacement Co.*, 377 U.S. 476 (1964). In that case, however, the Supreme Court discussed the knowledge requirement in the context of deciding whether it is sufficient for an accused contributory infringer to know that its product is

---

[1] The language disputed by the parties reads: "If you find by a preponderance of the evidence that Remote Solution or Hango knew [or had reason to know] that any of these URCs would be sold in the United States, you must consider those additional units in the damages calculation as well." (D.I. 560 at 21-22; *see also id.* at 14 ("[Defendants] also contend that they do not know [and had no reason to know] that any of the remote control units sold to Solectron were to be re-sold into the United States.").) Philips argues for the inclusion of the bracketed language, while Defendants argue that such language should not be included.

2

"especially designed for use" with another particular product or in a particular manner, or whether the infringer must also know that the designed use would constitute infringement. *Id.* at 488. To support their position in this case, Defendants seem to rely on the Supreme Court's statement "that § 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Id.* However, that statement does not address the character of the infringer's knowledge, i.e., whether it is actual or constructive. Instead, it speaks only to the subject as to which knowledge is required, i.e., that an alleged infringer must know both that its component is "especially designed for use" with a patented product and that there is infringement of the patent.[2] Other authority cited by the Defendants is likewise unhelpful. *See Lucas Aerospace Ltd. v. Unison Indus.*, L.P., 899 F.Supp. 1268, 1286 (D. Del. 1995) (on a post-trial motion for judgment as a matter of law, finding "substantial evidence to support the jury's implicit factual finding that [the alleged infringer] knew its sales of the [the allegedly infringing product] would result in infringement").

The cases cited by Philips likewise do not directly answer whether constructive knowledge of infringement is sufficient, as those cases deal either with inducement to

---

[2] The import of the Supreme Court's statement on the knowledge requirement for contributory infringement becomes more clear when one examines the view of the Justices who dissented from the majority's view. Those Justices stated that "the knowledge Congress meant to require was simply knowledge that the component was especially designed for use in a combination and was not a staple article suitable for substantial other use, and not knowledge that the combination was either patented or infringing." *Aro Mfg. Co.*, 377 U.S. at 491 n.8; *see also* Donald S. Chisum, CHISUM ON PATENTS § 17.02[7] (noting that "[f]our of the five justices ... dissented on the knowledge requirement issue.").

3

infringe under 35 U.S.C. § 271(b) or with contributory infringement in the copyright context, and not with contributory infringement of patents under 35 U.S.C. § 271(c).[3] Moreover, Plaintiffs do not address (though, in fairness, they were not asked to, since this dispute arose in the context of discussions over jury instructions) the point made by Defendants regarding the difference in statutory language between the subsection of 271 dealing with inducement and the one dealing with contributory infringement, wherein the latter expressly requires an element of knowledge. In particular, 35 U.S.C. § 271(b) reads "whoever actively induces infringement of a patent shall be liable as an infringer," while § 271(c) reads, in relevant part, "whoever offers to sell or sells ... a component of a patented machine, ... *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, ... shall be liable as a contributory infringer." (Emphasis added). Again, however, the Defendants' argument establishes only that there is a requirement that there be knowledge; it does not show that *actual* knowledge is required.

---

[3] Philips cites a number of cases to support their argument: *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) (stating that to induce infringement under 35 U.S.C. § 271(b) "[i]t must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement. The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."); *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc., v. Mega Sys., LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003) ("to be found liable under § 271(b), a patentee must show that the individual charged with inducement . . . knew or should have known that [its] actions would induce direct infringement"); *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 487 (1984) ("Moreover, a finding of contributory [copyright] infringement has never depended on actual knowledge of particular instances of infringement; it is sufficient that the defendant have reason to know that infringement is taking place.").

Because there is little guidance as to whether constructive knowledge is sufficient under 35 U.S.C. § 271(c), the next logical step is to look to other areas of the law to see how a requirement of "knowledge" is interpreted. Unfortunately, such a review yields mixed results. When the law requires that an act be taken with knowledge of some fact, some courts have interpreted this requirement to mean that actual knowledge is required, while others have held that either actual or constructive knowledge would suffice. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 n.12, 873 (1988) (majority finding that actual or constructive knowledge on the part of a federal judge that "his impartiality might reasonably be questioned" under 28 U.S.C. § 455(a) was sufficient for disqualification, but dissent stating that it "would adhere to a standard of actual knowledge in § 455(a), and not slide off into the very speculative ground of 'constructive' knowledge"); *Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (9th Cir. 2005) (interpreting provision of the Fair Debt Collection Practices Act requirement of knowledge, and stating that "[s]ome courts have construed the term 'knows' to require actual knowledge; others have held that the term refers to actual or implied knowledge").

Despite a lack of total clarity, there is a close analogue to the present issue in the copyright context and authority which, as Philips points out, is persuasive on this point. In ruling on the question of contributory infringement in that context, the Supreme Court stated, "it is sufficient that the defendant have reason to know that infringement is taking place." *Sony Corp. of America*, 464 U.S. at 487 (1984). Importantly, the Court reached that conclusion by reasoning from the patent statute at issue here, saying:

> The Copyright Act does not expressly render anyone liable for infringement committed by another. In contrast, the Patent Act expressly brands anyone who "actively induces infringement of a patent" as an infringer, 35 U.S.C. § 271(b), and further imposes liability on certain individuals labeled "contributory" infringers, *id.*, § 271(c). The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity. For vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.

*Id.* at 434-35. Furthermore, as earlier noted, the Supreme Court has held in other contexts that constructive knowledge is sufficient to constitute "knowledge" of facts having legal consequences. *See Liljeber*, 486 U.S. at 865 (for judicial disqualification decision, judge "should have known" of facts giving rise to conflict); *cf. Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 282 (1998) (finding that the defendant "should at a minimum be liable for damages based on a theory of constructive notice, i.e., where the [defendant] knew or 'should have known' about harassment but failed to uncover and eliminate it.").[4]

---

[4] Even if actual, as opposed to constructive, knowledge were required, an instruction permitting Philips to argue that the Defendants must have known the truth would be appropriate, since willful blindness is a species of actual knowledge. *See Edes v. Verizon Communications, Inc.*, 417 F.3d 133, 142 (1st Cir. 2005) ("we do not think Congress intended the actual knowledge requirement to excuse willful blindness"); *U.S. v. Heredia*, 429 F.3d 820, 824 (9th cir. 2005) ("Noting that 'the rule that wilful blindness is equivalent to knowledge is essential, and is found throughout the criminal law,' we held that evidence of deliberate ignorance is sufficient to meet the knowledge requirement of 21 U.S.C. § 841(a).") (quoting *United States v. Jewell*, 532 F.2d 697, 700 n.7 (9th Cir.1976) (en banc)); *U.S. v. Prince*, 214 F.3d 740, 761 (6th Cir. 2000) ("no error in the instruction that a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.") (internal quotation marks omitted). Thus, even an instruction that required Defendants to have had actual knowledge that infringement was occurring must include a situation where Defendants

In light of the foregoing, I conclude that constructive knowledge is sufficient to satisfy the knowledge element of section 271(c). To decide otherwise would allow a party to escape liability by ignoring the facts available to it, a result inconsistent with the purpose of the patent laws. *Cf. Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("It is a clear purpose of the patent law to redress competitive damages resulting from infringement of the patent"); *Hodosh v. Block Drug Co., Inc.*, 833 F.2d 1575, 1578 & n.11 (Fed. Cir. 1987) ("The drafters of the section [271(c)] explicitly recognized that without protection from contributory infringers, owners of method patents ... would have no effective protection[,]" since it is impractical to sue all end consumers practicing the patented invention.).

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' objections to Plaintiffs' proposed jury instructions 2.3 and 3.4 are OVERRULED. IT IS FURTHER ORDERED that the jury instructions on contributory infringement shall include the language "knew or should have known."

UNITED STATES DISTRICT JUDGE

February 3, 2006
Wilmington, Delaware

---

had particular information and turned a blind eye to it.