IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILIPS ELECTRONICS NORTH            )
AMERICA CORPORATION and              )
U.S. PHILIPS CORPORATION,            )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )     Civil Action No. 02-123-KAJ
                                     )
COMPO MICRO TECH, INC., REMOTE       )
SOLUTION CO., LTD., F/K/A HANGO      )
ELECTRONICS CO., LTD., HANGO         )
REMOTE SOLUTION, INC.,               )
                                     )
                Defendants.          )
                                     )
                                     )

## MEMORANDUM ORDER

## I.     INTRODUCTION

On March 8, 2005, I granted the motion for attorneys' fees and expenses

(Docket Item ["D.I."] 458) submitted by plaintiffs Philips Electronics North American

Corp. and U.S. Philips Corp. (collectively, "Philips"). (D.I. 493, 494.)  In that

Memorandum Opinion, I required Philips to submit documentation in support of its

request for fees. (D.I. 493 at 14.)  On December 29, 2005, after Philips had submitted

that documentation (D.I. 496, 497), I issued a second order stating that Philips had

failed to submit adequate documentation to support the reasonableness of the hours

expended and the rate charged. (D.I. 551 at 2.)  I required Philips to submit further

documentation to support the total number of hours worked, when the hours were

worked, and what was done by whom during those hours. (*Id.* at 3.)  I also required

Philips to provide support for reasonable hourly rates, including a statement of the

manner in which its counsel, Sullivan & Cromwell LLP ("S&C") and Potter Anderson & Corroon LLP ("PA&C"), calculate the value of their attorneys' time.  (*Id.*)  Philips submitted the additional documentation required with respect to S&C, but not with respect to PA&C.  (D.I. 565.)

On October 23, 2006, I concluded that the documentation Philips submitted to support the total number of hours, when the hours were worked, and what was done by whom during those hours was adequate with respect to S&C.  (D.I. 589 at 8.)  Because it may have not been clear from my December 29, 2005 Memorandum Order that I required further documentation with respect to PA&C as well as S&C, my October 23, 2006 Memorandum Order also gave Philips ten days to submit additional documentation to support hours worked by PA&C.  (*Id.* at 12-13.)  Presently before me is that additional documentation in support of hours worked by PA&C.  (D.I. 591.)   Also before me are the comments of defendant Compo Micro Tech ("CMT") on that documentation.  (D.I. 593.)  CMT argues that the documentation submitted by Philips with respect to PA&C does not adequately support the fee it seeks.  (*Id.* at 1-2.)  For the following reasons, I conclude that Philips has submitted adequate documentation to support the fee it seeks with respect to work performed by PA&C.

## II.    BACKGROUND

The factual and procedural background of this case, as well as a discussion of the relevant technology, can be found in several prior opinions and orders.[1]  For

---

[1] *See* D.I. 351 (denying the defendant's motion to dismiss for lack of personal jurisdiction); D.I. 352, 353 (granting the defendant's motion to sever and for separate trials); D.I. 376, 377 (claim construction); D.I. 388, 389 (granting in part the plaintiffs' motion for summary judgment on infringement, and denying in part the defendants'

purposes of this order, the relevant background information is as follows.  On April 5,

2004, I issued a Memorandum Opinion and Order granting Philips' Motion for Summary

Judgment that CMT's accused devices literally infringed claims 1, 3, and 4 of U.S.

Patent No. 4,703,359, entitled "Universal remote control unit with model identification

capability" (issued October 27, 1987) ("the '359 patent").  (D.I. 388, 389.)  At the same

time, I granted CMT's Motion for Summary Judgment of Noninfringement of the

asserted claims of U.S. Patent No. 5,872,562, entitled "Universal remote control

transmitter with simplified device identification" (issued February 16, 1999) ("the '562

patent").  (*Id.*)  On April 12, 2004, Philips and CMT conducted a trial that was limited to

Philips' claims for willful infringement and damages in the form of a reasonable royalty

and CMT's counterclaim of invalidity of the '359 patent.  On April 19, 2004, the jury

upheld the validity of the '359 patent, awarded Philips $1 in damages for each infringing

universal remote control device sold by CMT, and found that CMT's infringement was

not willful.  On March 8, 2005, I granted Philips' motion for attorney fees and expenses

pursuant to 35 U.S.C. § 285.  (D.I. 493, 494.)  That decision was based on findings that

CMT's representations regarding its financial records were incredible, that CMT

---

motion for summary judgment of non-infringement); D.I. 390 (denying motion for
summary judgment of invalidity); D.I. 394, 395 (granting motion for summary judgment
on the defendants' affirmative defense of equitable estoppel); D.I. 400, 401 (granting in
part and denying in part a motion for partial summary judgment limiting plaintiffs'
damages); D.I. 446 (issuing judgment and a permanent injunction against the
defendant); D.I. 465 (denying motion to stay injunction); D.I. 484 (denying various
motions made by the defendant); D.I. 486 (denying without prejudice a motion for
judgment as a matter of law on damages); D.I. 491, 492 (granting the defendants'
motion for reargument); D.I. 493, 494 (denying the defendant's motion for judgment as
a matter of law, and granting the plaintiffs' motion for attorneys' fees and expenses).

3

engaged in delay tactics during discovery, and that CMT engaged in trial misconduct. (D.I. 493 at 13-14.)

## III.   DISCUSSION

A reasonable attorneys' fee is one that is adequate to attract competent counsel, but does not produce a windfall to that attorney. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This calculation results in what is often called the "lodestar." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

In *Bates v. Board of Education of the Capital School District*, No. 97-394-SLR, 2000 WL 1292677, at *2 (D. Del. Aug. 29, 2000), the court provided an analysis to evaluate the reasonableness of attorneys' fees.  First, the court determines whether the documentation submitted adequately supports the hours claimed by the attorneys.  Second, the court evaluates whether the hours claimed were reasonably expended.  Third, the court considers whether the attorneys' hourly rates are reasonable.  Fourth, the court evaluates suggested reductions to the fee.  Finally, the court determines if the applicant's request for other costs is reasonable. *Id.*

PA&C attorney Richard L. Horwitz has declared that the bills PA&C sent to Philips from February 1, 2002 to the present indicate that PA&C "has worked on various matters during that time span, some or all of which was in connection with litigation of

4

Philips' claim for infringement of [the '359 patent] against [CMT]." (D.I. 591 at ¶3.)
Nevertheless, at the request of Philips, to be conservative, PA&C submitted "only the
firm's work during the month of April 2004, when the firm worked in preparing for and
working on the trial of Philips' infringement claim against CMT on the '359 Patent." (*Id.*)
Mr. Horwitz admits that there are two entries that relate to another defendant, but "the
minimal time spent there was more than compensated by the fact that Philips is not
requesting any other fees for work performed by PA&C on this entire matter against
CMT." (*Id.*)

   CMT argues that Philips should not be granted the full amount of attorneys' fees
it requests with respect to PA&C, because PA&C's billing entries "do not appear to
relate solely to Philips' infringement claim against CMT on the '359 patent." (D.I. 593 at
1.) In support of its argument, CMT directs me to the two entries to which Mr. Horwitz
referred. (*Id.* at 1-2.) It also argues that none of the PA&C entries are segregated by
the patent to which the work related, and the descriptions, for the most part, are not
specific enough for the court to make that determination. (*Id.* at 2.) It contends that
Philips' attempt to cure this deficiency by seeking fees for work performed only in April
2004 is flawed, "because it is highly likely that not all of the PA&C time in April 2004
related to Philips' case for infringement of the '359 patent." (*Id.*) CMT provides two
examples to support this argument. First, CMT's motion for summary judgment of
noninfringement of the '562 patent was pending until April 5, 2004. Second, in the first
four days of April, there was only one week before the anticipated start of trial for both
the '562 and '359 patents. (*Id.*)

Courts have concluded that when a party achieves partial or limited success on claims involving a common core of facts and shared related legal theories, the court has discretion in either identifying specific hours that should be eliminated or simply reducing the award to account for the limited success. *See e.g.*, *Hensley*, 461 U.S. at 436; *Bates*, 2000 WL 1292677, at *5. Thus, a court need not "attempt to identify specific hours spent on unsuccessful claims in an effort to exclude them for the lodestar calculation." *Bates*, 2000 WL 1292677, at *5.

Here, I conclude that the documentation PA&C has submitted to support the total number of hours, when the hours were worked, and what was done by whom during those hours, is adequate. PA&C has submitted several pages of records indicating the date the legal work was performed, the attorney performing it, a description of the work, and the number of hours spent performing the work. (D.I. 591, Ex. A.) Although the records do not distinguish among work relating to specific defendants or patents, and even include two entries that relate to work that does not solely relate to Philips' infringement claim against CMT on the '359 patent, I conclude that, given the interrelationships of the technology in the two patents, and the degree to which the defendants were engaged in the litigation, Philips' attempt to cure this deficiency by seeking fees for only the month of April of 2004 is reasonable for two reasons. First, as Mr. Horwitz stated in his declaration, PA&C has worked on various matters relating to Philips' infringement claim against CMT on the '359 patent from February 1, 2002 to the present, but it seeks attorneys' fees for only April 2004. Second, on March 29, 2004, the court rejected Philips' proposed construction of the claims on the '562 patent. (D.I.

376, 377.)  Accordingly, Philips states that, in April 2004, it devoted its work to the trial of its claims for infringement of the '359 patent.  (D.I. 496 at 6.)

I also conclude that the 312.90 hours claimed by Philips with respect to hours worked by PA&C were reasonably expended, as there is no reason for me to believe that those hours were excessive or redundant.  *See Hensley*, 461 U.S. at 434 (requiring district courts to exclude hours that are excessive, redundant, or otherwise).  In addition, I conclude that the hourly rates PA&C attorneys have charged are reasonable in the market in which those attorneys practice.  CMT has not challenged the reasonableness of the rates.

## IV.    CONCLUSION

Therefore, for the aforementioned reasons, it is hereby ORDERED that, in addition to the attorneys' fees and expenses already ordered by the October 23, 2006 Memorandum Order in this case (D.I. 589), CMT shall pay $66,764.90 in attorneys' fees to Philips.

UNITED STATES DISTRICT JUDGE

December 12, 2006
Wilmington, Delaware

7